# UNITED STATES DISTRICT COURT
## District of Kansas

UNITED STATES OF AMERICA,

Plaintiff,

v.

AMEL KEVIN LOOP,

Defendant.

FILED
U.S. District Court
District of Kansas

DEC 19 2012

Clerk, U.S. District Court
By: _CCarter_ Deputy Clerk

CASE NO. 12-m-6240-01- KGG

---

# COMPLAINT

---

I, the undersigned complainant, being duly sworn state the following is true and correct to the best of my knowledge and belief:

### COUNT 1

On or about November 5, 2012, in the District of Kansas and elsewhere, the defendant,

**AMEL KEVIN LOOP,**

the defendant herein, did knowingly and intentionally distribute, by computer, visual depictions of minors, the production of which involved the use of minors engaging in sexually explicit conduct and such visual depictions were of such conduct, that had been mailed, shipped and transported in interstate commerce, including by computer.

In violation of Title 18, United States Code, Section 2252(a)(2).

I, Bradley D. Celestin, further state that I am a Task Force Office with the Federal Bureau of Investigation in Wichita, Kansas and that this Complaint is based upon the following facts:

**See attached affidavit which is incorporated herein by reference.**

Continued on the attached sheet and made a part hereof:

___X___ Yes _____ No

_____

Bradley D. Celestin, TFO
Federal Bureau of Investigations
Wichita, KS

Subscribed and sworn to before me this __19th__ day of December, 2012, at Wichita, Kansas.

_____

Honorable Kenneth G. Gale
U.S. Magistrate Judge
District of Kansas

# AFFIDAVIT IN SUPPORT OF APPLICATION
# FOR CRIMINAL COMPLAINT

I, Bradley D. Celestin, Task Force Office of the Federal Bureau of Investigation, being duly sworn, do hereby depose and state:

## Introduction

1. This affidavit is made in support of a criminal complaint for the following individual: Amel Kevin Loop, white male, DOB xx/xx/1959, for Distribution of Child Pornography, in violation of Title 18 United States Code §2252(a)(2), in that he distributed images depicting minor children engaged in sexually explicit conduct using a means or facility of interstate commerce.

2. At all times throughout this affidavit I use the term "child pornography" merely as shorthand to refer to visual depictions of actual minors engaged in sexually explicit conduct. I use the terms "visual depiction," "minor," and "sexually explicit conduct" as those terms are defined in 18 U.S.C. § 2256.

## Background of Affiant

3. I am a Task Force Officer (TFO) for the United States Federal Bureau of Investigation (FBI), currently assigned to the Crimes Against Children Task Force in Kansas City, Missouri. I am further assigned locally to the Wichita Resident Agency field office of the FBI located in Wichita, Kansas. I have received specialized training in the investigation of internet crimes against children (ICAC), computer forensics, and data acquisition; and I have been involved in numerous sexual exploitation investigations

involving the use of various investigative techniques that include monitoring peer to peer networks (e.g. the Gnutella network), recovering data including deleted and hidden items from computer hard drives, cellular telephone data extraction, electronic surveillance, ICAC related arrests and the execution of ICAC related search warrants. I have had the opportunity to conduct, coordinate, and participate in investigations of violations of Title 18, United States Code (U.S.C) § 2252, certain activities relating to material involving the sexual exploitation of minors, and Title 18, U.S.C. § 2252A, certain activities relating to material constituting or containing child sexual abuse media.

### Investigation

4.    The information in this affidavit is information known to me as a result of my participation in this investigation or is information that has been communicated to me by other law enforcement investigators and witnesses.

5.    On September 11, 2012 I was contacted by Special Agent Michael Daniels who advised he had engaged in an undercover chat session on August 29, 2012 with a subject identified as "Bergvliet1", in a peer-to-peer program.  SA Daniels explained that, during the chat session, Bergvliet1 advised he was sexually interested in toddlers and that he shared a boy with another adult male. Bergvliet1 also indicated he would be willing "to share more than just pics."  SA Daniels understood this to mean Bergvliet1 was willing to share the boy for sexual purposes.

6.    The internet protocol (IP) address that Bergvliet1 was using during the above chat session was returned to the following:

Strategic Financial Concepts Inc.
216 N. Waco
Wichita, Kansas 67202

Strategic Financial Concepts, Inc. (SFC) is a business association employing several different associates. The website for SFC provides a biography, including a picture, of their associates. The website includes a biographical summary of Amel Kevin Loop, indicating Loop grew up in Wichita, Kansas and that he volunteers with Youth Horizons (a mentoring organization for "fatherless" at-risk children).

7.     I reviewed SA Daniel's chat logs as well as the images he was able to download from Bergvliet1 on August 29, 2012. I observed that most of the images depicted clothed male children, e.g., boys in underwear or in basketball uniforms, of an age-range estimated at 8-12 years of age. Some of these images focused on displaying the depicted child's genitals (i.e., child erotica). There were also a few images depicting nude male subjects displaying their genitals, although the ages of these males were harder to estimate (i.e., the images showed males with post-pubescent genitals but with facial features and body-size indicating young adolescent). One of these images depicted a male subject whose testicles and penis were placed in a stocks-style board, and his arms are bound with rope. The subject in this image appears to be under the age of 18, but the age is difficult to establish with complete certainty. A search of the National Center for Missing and Exploited Children's (NCMEC) database did not yield any known or identified child victims in these files.

8.     On November 20, 2012, I learned that another task force officer, TFO Phillip Clark with the New Haven division of the FBI, had also been in contact with "Bergvliet1" via the

same peer-to-peer program on multiple occasions.  On November 5, 2012, TFO Clark had successfully downloaded images of child pornography from Bergvliet1.

9.      I viewed the images that TFO Clark had downloaded from Bergvliet1 and observed that 14 of them clearly depicted prepubescent children displaying their genitalia and/or engaged in sexual acts. Further, I obtained SHA-1 hash values for all of the files and ran them through the NCMEC database.   One of the images, labeled "!!!!!!1181441005098.jpg,", was flagged in the NCMEC database as an identified child. This image depicts a male toddler – approximately 1 to 2 years old – laying on a yellow bedspread with blue and white designs. The child's legs are spread apart and his genitals are exposed to the camera. An adult hand is visible holding the child's left knee to facilitate the genital exposure.

10.     The subscriber information for the IP address associated with Bergvliet1 at the time TFO Clark downloaded the child pornography images revealed the following subscriber information:

            Kevin Loop
            1630 North Woodridge Drive
            Wichita, Kansas
            316-213-7521

11.     I obtained the DL photo and information for Kevin Loop residing at 1630 N. Woodridge Drive, Wichita, Kansas.  I compared the DL photo to a photo found on the website of Strategic Financial Concepts, Inc. (referenced in paragraph 6 above) for an employee identified as Amel Kevin Loop.  The DL photo (below, left) and the photo from the website (below, right) reflect the same person:

 

12. On December 19, 2012, search warrants were executed at the residence of Loop (1630 N. Woodridge Drive, Wichita Kansas) and at his workplace (216 N. Waco, Wichita, Kansas). Multiple computers were seized from the residence. At the workplace, agents found Loop's laptop. A forensic preview of that laptop revealed the presence of the peer-to-peer program as well as chat logs for Bergvliet1.

13. Additionally, agents identified "Victim 1", who disclosed that Amel Kevin Loop had engaged in sexual contact with him, approximately 11 years ago, when "Victim 1" was a minor.

## Conclusion

Based on the above information, your Affiant asserts there is probable cause to believe that Amel Kevin Loop engaged in the Distribution of Child Pornography, in violation of Title 18 United States Code §2252(a)(2), in that he distributed images depicting minor children engaged in sexually explicit conduct to TFO Clark in Connecticut on November 5, 2012, using a means or facility of interstate commerce.

Bradley D. Celestin, TFO
Federal Bureau of Investigation

Subscribed and sworn to before me in my presence on the 19th day of December, 2012.

United States Magistrate
Judge Kenneth G. Gale